354          SUPREME COURT OF LOUISIANA,

Norton and Steven vs. Citizens' Bank of Louisiana.

No. 6150.

E. E. NORTON AND WILL. STEVEN, ASSIGNEES OF JOSEPH HOY & CO., IN
BANKRUPTCY, VS. CITIZENS' BANK OF LOUISIANA.

The objection that the property in question was adjudicated for less than its ap-
praised value on twelve months credit, without having been previously offered
for cash, can not be sustained. The sale was made to pay debts, and the credit-
ors did not require the sale to be made for cash.

It would have been more regular for the court having jurisdiction of the succession
to order the sale of the land in the parish of Grant by the sheriff of said parish.
But under the decisions of this court a valid sale may be made of land situated
in another parish by the sheriff in the parish where the succession was opened
pursuant to the order of court having jurisdiction of the succession.

The sheriff was bound to obey the order of court, the constitution, and the law, in
offering the property for sale in lots of from ten to fifty acres, and very properly
refused to sell the land in block, even for a higher price than that which it
brought when sold by lots.

Defendants' prayer to have the judgment dissolving the injunction sued out by
plaintiffs so amended as to allow one hundred dollars damages as attorney fees
must be granted.

APPEAL from the Ninth Judicial District Court, parish of Rapides.
*Orsborn*, J. *R. A. Hunter*, for plaintiffs and appellants. *Manning
& Bowman*, for defendants and appellees.

WYLY, J. The succession of Henry Boyce was opened in the parish of
Rapides by the public administrator. The property of said succession
consisted of a tract of land in the parish of Rapides, and also a planta-
tion situated in the parish of Grant.

The tableau shows that the succession is insolvent.

In April, 1875, on the application of the public administrator, the par-
ish court ordered the sheriff to sell both tracts of land in lots from ten
to fifty acres, for cash sufficient to pay costs, and balance on twelve
months credit. At the adjudication the tract of land situated in the
parish of Grant was adjudicated to the Citizens' Bank in separate lots at
the aggregate price of $3285, the inventoried value being $4000.

On the day of the sale, and subsequent to the adjudication, plaintiffs,
assignees of Joseph Hoy & Co., claiming to be judgment creditors of the
succession of Boyce, enjoined the sheriff from making a deed to the
Citizens' Bank for the property adjudicated as aforesaid on the grounds :

First—That the property was adjudicated for less than its appraised
value on twelve months credit, without having been previously offered for
cash.

Second—That the order of the parish judge was illegal and void, be-
cause the sheriff of Rapides was without authority to sell in Rapides
land situated in Grant.

Third—That the Citizens' Bank has received the adjudication for less
than four thousand dollars, notwithstanding an offer was made by a re-
sponsible party to bid the sum of fifty-three hundred dollars for said

land, if sold in block with the understanding that the aggregate price should be apportioned to each of the lots into which the land had been divided.

Fourth—That the land was sold without appraisement as required by law.

The sale was made to pay debts, and the creditors did not require the sale to be made for cash. This is a sufficient answer to the first and fourth objections. 13 An. 382 ; 19 An. 353 ; 10 R. 396.

It would have been more regular for the court having jurisdiction of the succession to order the sale of the land in the parish of Grant by the sheriff of said parish. But under the decisions of this court a valid sale may be made of land situated in another parish by the sheriff in the parish where the succession was opened pursuant to the order of the court having jurisdiction of said succession. Chancy vs. Gray, 7 R. 144 ; see, also, 9 M. 461. This disposes of the second objection.

The sheriff was bound to obey the order of the court and the constitution and the law in offering the property for sale in lots of from ten to fifty acres, and he very properly refused to sell the land in block to the bidder offering fifty-three hundred dollars. This disposes of the third and last objection.

Defendant, the Citizens' Bank, prays an amendment of the judgment dissolving the injunction, so as to allow one hundred dollars damages as attorney fees ; this should be granted.

It is therefore ordered that the judgment herein be amended so as to condemn plaintiffs to pay defendant one hundred dollars, and that as amended it be affirmed with costs.